AUGUSTUS E. HARMON

*v.*

CHARLES G. LARNED *et al.*

</div>

1. SHERIFF'S DEED—*requirements thereof.* Where a party claims title to lands under a sheriff's deed, issued on a sale thereof under execution, to entitle him to the possession, there must be uniformity in the judgment, execution and sheriff's deed, unless the variance is explained.

2. SAME—*within what time must be executed.* Where a sheriff's deed to lands sold under execution, was executed more than nine years after the

HARMON *v.* LARNED *et al.*       [Jan. T.,

levy and sale under the judgment, upon the application of the holder of the certificate of purchase alone, and without notice to the parties interested, the deed was held to be invalid.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action of ejectment, brought by Augustus E. Harmon against Charles G. Larned and John L. Sample, to recover possession of certain lands of which the defendants were in possession. Both parties endeavor to sustain and maintain title derived from the same source, to-wit: by sales under judgments against one Thomas A. McLaurie, and by transfers from the purchasers at such sales to the parties to this record respectively, with the addition in the case of the plaintiff of a deed from said McLaurie to the grantor of the plaintiff. Defendants, to maintain their possession, introduced, with other evidence, two sheriff's deeds to the lands, executed to one Jones, under whom they claimed. By consent of the parties the cause was tried by the court, and judgment was rendered for the defendants, to reverse which the plaintiff brings the record to this court.

Mr. A. E. HARMON, plaintiff in error, *pro se.*

Mr. C. B. SMITH and Mr. J. S. JONES, for the defendants in error.

Per CURIAM: The deed executed by Wright, as successor of Clark, sheriff of Champaign county, to Jones, assignee of Baddely, is variant from the judgment and execution thereon, and it was not aided by any parol evidence.

The year in which the judgment was rendered against McLaurie and Bragg, is 1860, while, in what purports to be the transcript of the judgment, it was rendered in 1858, and no proof was offered to show there was but one judgment, and the judgment recited in the sheriff's deed is for an amount different from the one in the judgment set out. There must be

uniformity in the judgment, execution and sheriff's deed thereunder, unless the variance is explained. *Johnson* v. *Baker*, 38 Ill. 98 ; *Same* v. *Bantock*, ib. 111.

The other deed, executed by Peter Myers as successor of N. M. Clark, sheriff, to J. S. Jones, was executed for the same property on the same execution sale, on the 4th of October, 1860, more than nine years after the levy and sale on the judgment. This deed was executed without notice, and was the unauthorized act of the sheriff on the application of Jones alone. *Rucker* v. *Dooley et al.* 49 ib. 377.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*