N. W. BATTLE v. VICTORIA GUEDRY ET AL.

(Case No. 4464.)

1. EXECUTION SALE — VARIANCE.— Though ordinarily, if there be no objection to the form of a writ of execution. by motion to quash or vacate it, it will in many cases, where there is a variance between the writ and the judgment which is produced to support it, be treated as valid, it will not be so regarded when the execution describes a different defendant from the one mentioned in the judgment produced to support it.

2. VARIANCE.— An execution against P. B. Clements was not supported by a judgment against J. P. Clements, and a sale under such an execution did not pass title to property owned by J. P. Clements.

ERROR from McLennan. Tried below before the Hon. L. C. Alexander.

Suit in trespass to try title, filed July 4, 1879, by plaintiff in error against a number of defendants. Two of these, Victoria Guedry and her husband, F. E. Guedry, filed a disclaimer on the 24th of June, 1881, for the 10th day of May, 1880. And on the same day Fannie A. Nichols, joined by her husband, Charles H. Nichols, made themselves parties defendant, as landlords of the other defendants. They filed a general demurrer, general denial, and a plea of not guilty. The cause was submitted to the court without a jury, May 10, 1880. Judgment was rendered for the defendants, and plaintiff brought up the case by writ of error.

The object of the suit was to recover a tract of land in McLennan county containing two hundred and seventy-two and 85-100 acres. Both parties claimed under J. P. Clements as a common source. The plaintiff claimed under a judgment rendered in the district court of McLennan county on August 29, 1872, in the case of P. B. Chandler and S. A. O'Bryan, executors, against J. P. Clements, for the sum of $600, to be paid in three annual instalments, with interest at ten per cent. per annum. Said judgment was by consent to operate as a lien upon certain lands described in the petition, including the lands in litigation in this suit. This judgment being inaccurately entered, was, by consent of parties plaintiff and defendant, amended and entered *nunc pro tunc* on the 16th day of December, 1874.

The amended judgment fully described the lands upon which it was to operate as a lien, including the lands involved in this suit — the land to be sold in tracts not exceeding forty acres. The first instalment of the judgment was paid by Clements. When the second instalment became due, an order of sale was issued which described the judgment as follows, to wit: "Whereas, on the 29th day of August, 1872, P. B. Chandler and Sallie A. O'Bryan, executors of S. E. O'Bryan, deceased, recovered a judgment in the district court of McLennan county against P. B. Clements, for the sum of $600," describing the judgment accurately in every particular, except that it gave the initials of the defendant Clements as "P. B.," instead of J. P., and directing the foreclosure of the lien given in the judgment by the sale of the land. It speaks of the land as "the assets of Thomas B. Clements, now in the hands of J. P. Clements."

At the sale, N. W. Battle and Sallie A. Gregory became the purchasers. The recitations in the sheriff's deed are as follows:

"Whereas, by virtue of an order of sale issued . . . in favor of P. B. Chandler and Sallie A. O'Brien, executors, . . . P. B. Clements on a certain judgment rendered, etc., . . . and directed and delivered to me as sheriff, etc., commanding me, of the goods and chattels, lands and tenements of the said J. P. Clements, to make certain moneys," etc. The deed conveys to the purchasers "the right, title and interest of the said J. P. Clements" in the land, and described it as the "assets of Thomas B. Clements, now in the hands of J. P. Clements." The deed was dated August 3, 1875.

The second order of sale described the judgment in the same manner as did the first, and fully described the lands.

N. W. Battle and Sallie A. Gregory were purchasers also at the second sale.

The sheriff's deed follows the order of sale in its description of the judgment, substituting the name "P. B. Clements" for "J. P. Clements," and conveys to the purchasers the right, title and interest of the said P. B. Clements. Deed dated October 5, 1875.

Sallie A. Gregory and her husband, D. G. Gregory, conveyed to Herring & Anderson, and they conveyed to the plaintiff.

The defendants claimed under a conveyance executed by J. P. Clements in 1873, and mesne conveyances down to them.

The defendants objected to the judgment and the orders of sale when offered in evidence, but the grounds of objection were not stated.

The judge stated the grounds of his decision to be, "that the judgments, orders of sale and deeds in evidence did not show that the title to the land in controversy was ever divested out of J. P. Clements. . . . That said proceedings did not show a valid sale as to the said J. P. Clements."

*Herring & Anderson,* for plaintiff in error.

*Jones & Kendall,* for defendant in error.

DELANY, J. COM. APP.— The three assignments of error may be summed up in one proposition, that the court erred in holding "that the judgments, orders of sale and deeds in evidence do not show that the title to the land in controversy was ever divested out of J. P. Clements, who is admitted to be the common source of title."

There is no explanatory evidence in the record. It is not shown that there was no such person as P. B. Clements, or that no judg-

ment was in fact rendered against him. But we are asked to assume, as a matter of law, that a judgment against J. P. Clements will support an execution against P. B. Clements, and that a sale under that execution will pass the title of J. P. Clements. To do this we must assume that P. B. and J. P. Clements are in fact one and the same person. It is necessary that the execution shall describe correctly the judgment upon which it issues. Mistakes of description, however, will sometimes occur, and the question in each case is to determine what is the effect of the misdescription.

Mr. Freeman, in his work on Void Judicial Sales, section 25, says: "The most frequent mistakes in the issue of writs are made in attempting to describe judgments. The name of the plaintiff or of the defendant may be incorrectly stated, or the amount of the judgment may vary from the sum for which execution issues" (and he might have added that the date of the judgment is sometimes incorrectly stated). "These mistakes and variances are amendable. If no amendment is made, and no objection to the form of the writ is interposed by motion to quash or vacate it, it must be treated as valid, unless the variance is so great that it appears not to be issued upon the judgment which is produced in its support." And he refers us to his own work on Executions, sections 42 and 43.

In his work on Executions, sec. 43, he says: "There must in each case be sufficient to convince the court that the judgment offered in evidence, and that attempted to be recited in the execution, are one and the same. Hence, when the judgment offered in evidence was rendered in a different year and for a different amount from that recited in the execution, and no proof was offered to show that but one judgment had been rendered between the parties, the variance was regarded as fatal" (citing 58 Ill., 167).

The author cites a number of cases in which variances in the names of the parties have been held not to be fatal. Lee v. Crossna, 5 Humph., 281, was a case in which judgment was rendered against three defendants, and execution issued against only two. The writ was held to be voidable only, and not void, and a sale of real estate under it passed the title. In Barnes v. Hayes, 1 Swan, 304, judgment had been rendered in favor of Levi Baker. The execution recited a judgment in favor of Payne for the use of Levi Baker. Held to be irregular, but not void. In most of the cases referred to by the author which are accessible to us, there was either no serious doubt that the execution had been issued upon the judgment which was produced, or else there was evidence in the record to show that the seeming variance was a mere clerical error. In Alexander v. Miller,

18 Tex., 894, objection was made to an execution because it recited a judgment as rendered on the 9th, while the judgment, when produced, appeared to have been rendered on the 6th. It was shown, however, that no judgment had in fact been rendered on the 9th, but that the court had adjourned on that day, and these facts were held sufficient to account for the mistake. We are referred by counsel to the cases of Hughes v. Driver, 50 Tex., 175, and Williams v. Ball, 52 Tex., 603. But in those cases the misdescriptions were too slight to raise any serious doubt that the judgments offered in evidence were the judgments on which the executions issued. In the case before us a judgment is produced which was rendered against one man. An execution is offered which recites a judgment rendered against an entirely different man. We cannot conclude, without some other evidence, that these apparently different judgments were one and the same.

Our opinion is that the judgment below should be affirmed.

AFFIRMED.

[Opinion approved November 23, 1882.]