ADELLA MORRIS ET AL. v. HATTIE A. BALKHAM ET AL.

No. 2756.

1. **Execution—Variance—Nullity—Amendment.**—A judgment was rendered against H. W. Van Hagen (the defendant's name being Hiram Watkins Van Hagen). An alias execution was issued against Wm. Van Hagen. Under this execution a town lot was seized and sold, the plaintiffs in execution being purchasers. Subsequent to the sale a motion was filed to correct the execution so as to make it conform to the judgment. Without notice an order was made to correct the execution. *Held:*

1. The sale of Wm. Van Hagen's interest, or the sale under the execution against him, did not convey the title of H. W. Van Hagen.

2. An amendment or correction of the execution without notice to defendant Van Hagen was a nullity.

3. But such correction, even if made upon notice, would not validate the sale.

2. **Self Serving Declarations.**—Parties claiming under homestead rights against a purchaser at execution sale can not show in evidence that their attorney at the sale gave notice that the property offered was exempt as homestead. The testimony is incompetent.

ERROR from Anderson.    Tried below before Hon. F. A. Williams. The opinion states the case.

*Gammage & Gammage,* for appellants. — 1. The execution did not follow the judgment; the execution, as shown by the record, being against Charles Baker and William Van Hagen, and the property sold under execution was sold as the property of William Van Hagen, and the judgment upon which the execution issued was against Chas. Baker and H. W. Van Hagen. Sayles' Civ. Stats., arts. 2267, 2275, note 4; Conkrite v. Hart, 10 Texas, 140; Boggess v. Lilly, 18 Texas, 200; Chandler v. Burdett, 20 Texas, 42; McMillen v. Butler, 20 Texas, 402; Emmons v. Williams, 28 Texas, 776; Battle v. Guedry, 58 Texas, 111; Hart v. McDade, 61 Texas, 208; Freem. on Ex., secs. 35, 73.

2. The sale under the execution was void and passed no title to the interest of Hiram Watkins Van Hagen in the property in litigation. Const., art. 16, secs. 50, 51, note 184; Sayles' Civ. Stats., arts. 2002, 2007, 2852; Cook v. Bremond, 27 Texas, 457; Battle v. Guedry, 58 Texas, 111; Hart v. McDade, 61 Texas, 208.

3. The plaintiff in error offered to prove that at the time of the sale, May 4, 1886, by the sheriff of Anderson County, the property in controversy was then the only homestead of the said H. W. and Hattie A. Van Hagen, and that notice was given to the bidders at said sale that it was their only homestead, and in fact the only real property that they owned, and as such was not subject to forced sale. Const., art. 16, sec. 51; Sayles' Civ. Stats., arts. 2002, 2336, and notes.

*Greenwood & Greenwood,* for appellees.—1. The irregularity in the execution sale by the sheriff of Anderson County against Wm. Van Hagen

deceived nobody, because, as averred, Mr. Van Hagen was present and raised no objections to the sale, so far as appears from the record, on the ground that his name was not Wm. Van Hagen, and this irregularity of the clerk in issuing the execution was corrected by motion filed in the District Court of Bexar County, and the said defect was cured by the proper order of the District Court. Freem. on Ex., secs. 63, 64, 67, 71.

2. If it appears from the writ of execution taken as a whole and in connection with other facts that the court feels assured that the execution offered in evidence was intended, issued, and enforced as an execution upon the judgment shown to the court, then the writ ought to be respected. Freem. on Ex., secs. 43, 78; Thouvenin v. Rodrigues, 24 Texas, 468; Rodriguez v. Lee, 26 Texas, 32; Grassmeyer v. Beeson, 18 Texas, 753; Mills v. Alexander, 21 Texas, 154; Bohanan v. Hans, 26 Texas, 445; Taylor v. Snow, 47 Texas, 462.

3. The offer to prove by T. T. Gammage that at an execution sale the said Gammage, as attorney, objected to the sale of the property in controversy upon the ground that it was the homestead of H. W. Van Hagen, was not competent testimony to establish the fact that it was the homestead at the time, and the court did not err in excluding such testimony. 1 Greenl. on Ev., sec. 52; Mooring v. McBride, 62 Texas, 309.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellant Adella Morris, joined by her husband, to recover of Hattie A. Balkham, F. C. Bailey, E. M. Fowler, J. A. Reddick, and Sam Berliner a half interest in a lot in the city of Palestine, and for partition. The husband of Hattie A. Balkham was made a party defendant. Fowler, Reddick, and Berliner disclaimed title to the premises in controversy. Bailey appears to have been a tenant of Mrs. Balkham and in the possession of the lot.

Both parties claim title under a conveyance of the lot in controversy made February 4, 1881, by C. A. and Hattie Calhoun to H. W. Van Hagen. At that time the appellee Hattie A. Balkham was Van Hagen's wife. He died September 12, 1886, leaving plaintiff Adella Morris, his daughter by a former wife, his sole surviving descendant. On the 9th of December, 1884, Fowler, Reddick, and Berliner recovered a judgment in the District Court of Bexar County against Charles Baker and H. W. Van Hagen for the sum of $625.80 and costs. On the 27th day of March, 1886, a pluries execution was issued by the clerk of that court to the sheriff of Anderson County against the property of Charles Baker and William Van Hagen, purporting to be upon a judgment corresponding in all respects with that above mentioned, except that William Van Hagen was named as defendant therein instead of H. W. Van Hagen.

Under this execution the lot in controversy was levied upon and sold by the sheriff as the property of William Van Hagen, and was bid in for the sum of five hundred dollars by the plaintiffs in execution. The

sheriff made them a deed purporting to convey all the right, title, and interest of William Van Hagen in the property. H. W. Van Hagen's Christian name is shown to have been Hiram Watkins. After the death of Van Hagen a motion was made by the plaintiffs in the judgment (who were also purchasers at the sheriff's sale) in the District Court of Bexar County to amend the execution under which the lot was sold so as to make it appear as an execution against the property of H. W. Van Hagen instead of William Van Hagen. The motion contains no prayer for notice to Van Hagen's heirs, and none appears to have been given. Yet on the 7th day of May, 1887, the court granted the motion and entered an order amending the execution. On the same day Fowler, Reddick, and Berliner conveyed the lot to defendant Hattie A. Balkham for the consideration of $200.

Such being the evidence, the court gave judgment for the defendants. In this we think there was error. We are aware that many courts have gone very far in allowing amendments of executions, and we have found one decision which holds that an execution may be amended after a sale under it by the substitution of the true Christian name of the defendant, as shown by the judgment, instead of another inserted by mistake. Vogt v. Ticknor, 48 N. H., 242. But in Battle v. Guedry, 58 Texas, 111, it was held by this court that an execution against P. B. Clements was not supported by a judgment against J. P. Clements, and a sale under such an execution did not pass the title to property owned by the latter. We think it requires no argument to show that the ruling of our court is correct. In the present case the judgment was against H. W. Van Hagen, the execution against the property of William Van Hagen, and the sheriff's deed purports to convey the lot in controversy as the property of William Van Hagen.

The only difference between the case last cited and that now before us is that in the present case there was an attempt to cure the irregularity by amending the execution after the sale. The order was entered without notice to the heirs of the defendant in execution, who was then dead. It was a nullity. In our judgment, if the proper notice had been given, it would not have been competent for the court to allow the amendment, so as to give validity to the sale. It would be an unjust rule to permit an execution against B, under which his title in a certain parcel of real estate had been sold and conveyed by the sheriff, to be amended so as to make it an execution against A, and to give to the sale the effect of passing the title of the latter in the property. We conclude that the evidence showed the title of H. W. Van Hagen did not pass by the sheriff's sale, and that the court should have given the plaintiff Adella Morris judgment for one-half of the property in controversy, with a decree for partition.

It is also claimed by appellants that the title to the lot in controversy

did not pass by the sheriff's sale, because it was the homestead of H. W. Van Hagen and his wife. It had been their homestead, but Mrs. Balkham testified that before the sale was made they had abandoned it as a place of residence, and had moved to San Antonio, with the intention never to return to it. This evidence was uncontradicted, and hence the court did not err in holding that it had ceased to be a homestead.

Neither was there error in refusing to allow plaintiffs to prove that when the lot was sold an attorney representing H. W. Van Hagen and wife gave notice that it was their homestead. Van Hagen and wife could not thus make evidence for themselves, nor can the plaintiff, as the heir of H. W. Van Hagen, avail herself of the declarations of his attorney as evidence in the case.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 15, 1889.