### T. G. Harkey v. Pollie Day et al.

Decided May 21, 1910.

**Execution—Variance in Name—Void Sale.**

A mistake in the Christian or baptismal name of the plaintiff in execution is more than a mere irregularity; the provision of the statute requiring the name of the plantiff in the judgment to appear also in the execution, is mandatory; therefore a sale of land under an execution in which the Christian or baptismal name of the plaintiff was erroneously stated to be John, instead of James, was void.

Appeal from the District Court of Floyd County. Tried below before Hon. L. S. Kinder.

*L. W. Dalton* and *Montgomery & Britain,* for appellant.

*T. P. Adams* and *Randolph & Randolph,* for appellees.

DUNKLIN, ASSOCIATE JUSTICE.—Mrs. Pollie Day recovered of T. G. Harkey three lots of land situated in the town of Floyd City, and from that judgment defendant Harkey has appealed.

On October 5, 1895, this court rendered a judgment in favor of James Dalziel against said Pollie Day and M. M. Day for eleven dollars and ninety cents costs in a certain cause, No. 1951. On December 5, 1895, the clerk of this court issued a writ of execution directed to the sheriff or any constable of Floyd County, commanding him to make or cause to be made, the amount of said judgment out of property owned by M. M. Day and Pollie Day, and appellant Harkey bought the property in controversy under a sale made by the sheriff by virtue of this writ, the lots being sold as the property of Pollie Day. The writ of execution and a copy of the judgment rendered by this court were introduced in evidence. Appellee objected to the execution at the time it was introduced, on the ground that it did not appear that the execution was issued upon that judgment. The case was tried without the intervention of a jury, and, while no findings were filed by the trial judge, it is manifest that he held that there was a fatal variance between the writ of execution and the judgment introduced in evidence, and rendered judgment upon that theory. Whether or not that conclusion was correct is the only question presented for our decision.

In the body of the execution the writ recites that the judgment to be collected was in favor of John Dalziel instead of James Dalziel. In that suit, M. M. Day and Pollie Day were appellants, and the style of the suit on the docket of this court was M. M. Day et al. v. James Dalziel, but said writ of execution was endorsed "M. M. Day et al. v. John Dalziel." A cost bill was attached to the writ in which the correct number of the case and the correct style of the case were stated. Proof was also made by the clerk of this court that no case appeared on our docket of the style, "M. M. Day et al. v. John Dalziel."

Appellant insists that the mistake made in the name of the plaintiff in execution, above noted, was not such an irregularity as would render the sale void, and that as the attack thereon was not a direct attack, but collateral only, judgment should have been rendered in his favor for the property. The execution recited that John Dalziel, instead of James Dalziel, had recovered the judgment and this was a misdescription of the judgment. Article 2338, Sayles' Texas Civil Statutes, giving the requisites of an execution prescribes that: "It shall correctly describe the judgment, stating the court wherein and the time when rendered, the names of the parties, the amount, if it be for money, and the amount actually due thereon, if less than the original amount, the rate of interest if other than six percent, and shall have the following requisites. . . . 2. If the judgment be for money simply, it shall require the officer to satisfy the judgment out of the property of the debtor, subject to execution." In the case of Morris v. Balkham, 75 Texas, 113, it was held that an execution against William Van Hagen was not supported by a judgment against H. W. Van Hagen. In Battle v. Guedry, 58 Texas, 111, an execution against P. B. Clements was not supported by a judgment against J. P. Clements, and in Cleveland v. Simpson, 77 Texas, 97, it was held

that a judgment in favor of W. D. Cleveland & Company did not support an execution in the name of W. D. Cleveland alone. In the case of Capps & Cantey v. Leachman, 90 Texas, 502, it was held that a sale under an execution which omitted the name of the defendant in execution was void, and in that case our Supreme Court said: "Appellant's counsel urge that the officer must have known from the execution in the form it was issued, that the money was to be made out of the property of the defendant in the judgment as it could have been lawfully made out of the property of no other person. If the Legislature had intended to commit to the sheriff or constable the authority to determine upon whose property he should levy the execution, then all that would be necessary to make a good execution, would be, to describe the judgment as required in the article quoted, and it was useless to express in the law that there should be other things added, which were requisite to the validity of the writ. The statute in this particular is mandatory and explicit in its command, and a failure to comply with its terms can not be classed as an irregularity."

If, as held in the decision last cited, the provision of the statute above quoted requiring the execution to state the name of the debtor out of whose property the judgment should be satisfied is mandatory, "and a failure to comply with its terms can not be classed as an irregularity," we can perceive no valid reason why the same construction should not apply to the other provision of the same statute, which requires the name of the plaintiff in the judgment, also, to appear in the execution. In fact, such was the effect of the decision in Cleveland v. Simpson, *supra.* We think these decisions are in point, and that they sustain the decision of the trial court that the execution under which appellant purchased the property was not supported by the judgment offered. Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Writ of error refused.