**EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited, v. SIMS.**

No. 11628.

Court of Civil Appeals of Texas. Dallas.

Dec. 2, 1933.

Rehearing Denied Jan. 6, 1934.

446

W. B. Handley and O. J. Shaeffer, both of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

JONES, Chief Justice.

This is a workman's compensation suit, in which O. F. Sims, appellee, is the employee, and Employers' Liability Assurance Company, Limited, a corporation, appellant, is the compensation carrier. In a suit filed by appellee in a district court, to set aside an award of the Industrial Accident Board and to recover compensation allowed by law for total and permanent disability, appellee was awarded judgment for a lump sum payment of $4,389.14 for such disability, and White & Yarborough, his attorneys, were allowed by the court one-third of this sum as a reasonable attorney fee for the prosecution of appellee's claim before the Industrial Accident Board and before the trial and appellate courts. White & Yarborough were given a lien on the recovery against both parties for the attorney fee. The judgment was entered on the findings of the jury favorable to appellee, and appellant has duly perfected an appeal. The following are the necessary facts:

The record discloses that all necessary jurisdictional facts were established in the trial court; the record also discloses that the findings of the jury, in every respect favorable to appellee, are sustained by the evidence, and such findings are adopted as the findings of this court. No attack is made on the sufficiency of the evidence to sustain the findings; hence it would serve no useful purpose to state either these findings or the evidence upon which they are based. Suffice it to say that they are a sufficient basis for the judgment entered, and are, in effect, the usual findings in a contested suit of this character,

for judgment against a compensation carrier for the statutory allowance for the permanent total disability of an employee.

Appellee's petition contains allegations to the effect that he had employed as attorneys the law firm of White & Yarborough, and had contracted to pay them, as a fee for representing him before the Industrial Accident Board and before the courts of this State, the sum of one-third of the statutory allowance. Appellant duly excepted to this portion of the petition, on the ground that such pleading has no place before a jury, but should be directed, in a separate pleading, to the court, which tribunal alone is authorized to pass upon such issue. This exception was overruled, and, over objection by appellant, on the ground that the reading of the alleged contract for attorney fee to the jury was prejudicial to appellant's rights, appellee was permitted to read to the jury this paragraph in the petition. Appellee reserved a bill of exception to this ruling of the court.

The ruling of the court on the special exception above mentioned and the overruling of appellant's objection to the reading of the allegation in the petition, setting up the contract for attorney fee, is made by proper assignments of error the first attack on this judgment.

Section 7d of article 8306 (Workmen's Compensation Act) authorizes an injured employee to contract with an attorney, for a fee, not to exceed in amount one-third of the recovery, but empowers the court trying the cause to fix and allow judgment for a reasonable attorney fee. Under this statute, the court may fix said fee at one-third of the amount recovered by the injured employee, or may fix a less sum, notwithstanding a contract for one-third of the recovery, but such matter is left entirely with the trial court, and is not a matter for decision by a jury. Fidelity Union Cas. Co. v. Dapperman (Tex. Civ. App.) 53 S.W.(2d) 845. It is elementary that, in any case, no judgment can be rendered, unless it be in response to proper pleadings by the one seeking the judgment; hence a proper pleading was necessary in respect to the allowance of an attorney fee, to warrant the court to fix a fee, and to enter judgment therefor.

The law does not require this pleading for an attorney fee to be separate and distinct from the plaintiff's petition, and, as such petition must embrace all claims against the litigant, we conclude that the law contemplated that the claim for an attorney fee should be set out by proper allegation in the petition. We therefore hold that the court did not err in overruling appellant's special exception.

We do not think there was reversible error in overruling appellant's objection to the reading to the jury of the clause in the petition, alleging that the petitioner had contracted to pay one-third of his statutory recovery as a fee. Such clause contains a necessary allegation for the judgment to award the attorney fee out of appellee's statutory recovery. In a contested case, arising under the Workmen's Compensation Law (Rev. St. 1925, Art. 8306 et seq. as amended), the jury is not permitted to pass upon the amount of the recovery to be awarded. A jury determines only whether such employee was injured while working in the course of his employment, the character, extent, and duration of the injury, and, on these findings, the court fixes the amount of the recovery from such findings, under statutory mandate, in respect to the sum that must be adjudged. The court also finds the reasonable attorney fee, which is sought to be recovered, and apportions the statutory recovery, between the injured employee and his attorney, in accordance with such finding. If, however, we should be mistaken in the conclusion that it was not error to permit counsel for appellee to read to the jury the clause in the petition seeking the recovery of the attorney fee, nevertheless there is shown no reversible error in the instant case, for such error clearly appears to be harmless, for the evidence of the weekly wage that appellee received, as found by the jury, is based upon evidence practically undisputed, and the finding that appellee received total and permanent disability is based upon the great preponderance of the evidence. It therefore affirmatively appears that appellant's rights were in no way prejudiced by the ruling of the court.

Then again, on the issue of his right to a lump sum payment, appellee clearly had the right to show that the statutory weekly allowance for his injury would be materially lessened by the payment each week of a portion of such allowance to his attorney, and the pleading was a proper pleading on the issue of a lump sum payment. All assignments of error, in respect to this issue, are overruled. Article 8306, § 7d, R. C. S.; article 2180, subds. 1, 2, and 3; Georgia Cas. Co. v. Campbell (Tex. Civ. App.) 266 S. W. 854; Texas Employers' Ins. Ass'n v. Boudreaux (Tex. Civ. App.) 238 S. W. 697.

Appellant's second attack on the judgment is based upon the following charge given to the jury: "You are further instructed that, while you are deliberating upon your verdict you will not mention, refer to or take into consideration, by mental reservation or otherwise, any matter, fact or circumstance, other than the testimony that has been produced upon the witness stand and the law as given you in the charge of the court, all of which, I instruct you, you must strictly observe and obey." Just previous to the insertion in the main charge of this instruction to the jury, the court inserted this paragraph: "You are the sole judges of the facts proved, the credi-

bility of the witnesses and of the weight and credit to be given to their testimony, but the law you will receive from the Court which is given you herein and be governed thereby."

■ The giving of the charge complained of, above quoted, was timely objected to, on the ground that it is "too liberal toward the plaintiff and too restrictive upon the rights of the defendant, and is utterly without basis in law, and further, because such instruction amounts to a comment upon the weight to be given the testimony of the defendant's witnesses, in effect telling the jury that in their determining the credibility of all witnesses they may take into consideration only the words said and documentary evidence introduced." When the two charges, above quoted, are considered together, we do not believe that the charge complained of is subject to the criticism made by appellant. It is clearly the right of the court, by written charge, to admonish the jury not to receive testimony from any source, unless given from the witness stand, and we think this is all of the effect of the charge of which complaint is made. The objection, in the instant case, is purely academic, in that the assignment does not point out any fact or circumstance occuring at the trial which was withdrawn from the consideration of the jury by the charge. We therefore overrule this assignment.

■ Another attack made on the judgment is that the court erred in the manner in which the issue of a lump sum payment was submitted to the jury. This issue, as framed by the court, is: "Do you find from a preponderance of the evidence that payment of compensation to plaintiff, O. F. Sims, by defendant, Employers' Liability Assurance Corporation, Ltd., in weekly installments, instead of in a lump sum, will result in a manifest hardship and injustice to the said plaintiff?" Answer: "Yes." The objection to this charge is that it is a comment upon the weight of the evidence, in that it assumes that the jury will answer the other issues in such a way as to entitle plaintiff, under the law, to compensation in some amount, and also assumes that the jury will answer the other issues, submitted in the charge, in such way as to entitle plaintiff to a lump sum payment, even though the jury might answer the other issues contained in the charge in such way that plaintiff will not be entitled to a lump sum payment. Issues preceding this issue were those in reference to appellee's right to a recovery, and are submitted independent of this issue. We find no merit in this objection, and overrule same.

■ Another objection to the manner in which the issue as to a lump sum payment was submitted is that there should have been excluded from the charge, above quoted, the phrase "instead of a lump sum." We think the use of such phrase is necessary to make plain to the jury the issue submitted, and this assignment of error is overruled.

■ ■ Reversible error is also claimed because the trial court, in submitting special issues Nos. 1 and 2, requested by appellant, did not embody them in the main charge, but gave them as written; that is, as issues requested by appellant. The court charged the jury that these issues became a part of the main charge, and we think the objection here made is fanciful rather than real. Requested special issues are framed after the main charge has been prepared and examined by counsel, and are designed either to correct an error in an issue submitted by the main charge or to supply an omission in the main charge. In the instant case, appellant believed that an omission had been made by the court in the main charge, and requested the two special issues submitted. A court is not required to redraft the main charge in order to embody therein a special requested issue, supplying what counsel deemed to be an omission, but is authorized to give such issue as requested, though it should always, as was done in this case, instruct the jury that such issues become a part of the law of the case and must be considered as such. We overrule this assignment of error.

■ Appellant complains in respect to the manner in which the attorney fee was allowed in the judgment. The attorney fee is not an additional burden upon appellant, but is exclusively a burden upon appellee; hence we fail to see that appellant has suffered any injury from the manner in which the judgment was rendered, which allows a lien of the attorneys upon the sum adjudged against appellant. No error could possibly result to appellant, even if error were committed.

Finding no reversible error in this case, it is the opinion of this court that the judgment of the lower court, in all things, should be affirmed, and it is so ordered.

Affirmed.