## STERLING NAT. BANK & TRUST CO. OF NEW YORK v. ELLIS et al.
### No. 4280.

Court of Civil Appeals of Texas. Amarillo.
Oct. 8, 1934.

Rehearing Denied Nov. 5, 1934.

717

Wm. F. Nix and Ben Ogden, both of Amarillo, for appellant.

Monning & Akin, of Amarillo, for appellees.

HALL, Chief Justice.

The appellant bank, as the transferee of a paving certificate, filed this suit to recover thereon against B. F. Ellis, Hal B. Smith, and the two corporations, Wichita Falls Building & Loan Association and Coe & Parks Lumber Company, and to foreclose the lien against lot 2 in block 34 of the Edgefield addition to the city of Amarillo.

It is alleged that a contract was entered into between the city of Amarillo and J. W. Zempter Construction Company, Inc., under which said company improved South Tyler street adjacent to said lot; that by virtue of an ordinance enacted by said city and a certificate of special assessment issued by the city to the construction company, the said company acquired a valid lien against the premises for the payment of the cost of such paving and improvements in the sum of $158.-76, with interest thereon at the rate of 8 per

cent. per annum from the 29th day of July, 1930; that said sum is payable in five equal annual installments, the first of which was due on or before the 29th day of July, 1931; that by proper assignments and conveyances the plaintiff bank became the owner and holder of the certificate; that one or more of said installments is past due and unpaid and in accordance with the provisions of said certificate, plaintiff declared the whole amount due and was entitled to recover its debt and foreclose the lien, including the principal, interest, and reasonable attorneys' fees.

The defendants Ellis, the Wichita Falls Building & Loan Association, and Coe & Parks Lumber Company answered, alleging, in substance, that the property was at the time of the creation of the paving lien, the homestead of Hal B. Smith; that he acquired it by warranty deed dated June 1, 1927; that it was his homestead until it was sold under a deed of trust held by the Wichita Falls Building & Loan Association, which sale was made after the alleged paving lien had attached; that in virtue of the trustee's sale, the Wichita Falls Building & Loan Association acquired title thereto free and clear of said lien; that said association conveyed the property to J. L. Parks, who in turn conveyed the same to B. F. Ellis, free and clear of all liens held by plaintiff.

The case was tried before the court without the intervention of a jury and resulted in a judgment against the appellant. According to the findings incorporated in the judgment, the property was the homestead of Hal B. Smith at the time the assessment ordinance was enacted; that the foreclosure under the deed of trust destroyed the alleged lien asserted by plaintiff; that the certificate of special assessment offered in evidence by plaintiff showed upon its face that it had been materially altered after its execution and delivery and decreed that the plaintiff bank take nothing.

■ The appellant contends that the testimony is insufficient to establish the defense that the property in question was the homestead of Smith and wife at the time the lien attached.

This contention must be sustained. Smith testified that he bought the property on June 30, 1927; and lived there until September 1, 1928; that on said last date he moved over on Harrison street and leased a residence; that he never claimed the property after he moved out of it and never expected to return to it; that he never expected to own it after he found he could not make the payments in September, 1928; that he never made any payments after September 1st. Mrs. Smith also testified to the same facts.

The judgment seems to have been entered under the mistaken impression that the property was not divested of its homestead character even after the abandonment by Smith and wife, until they had acquired another home. While in a sense the leased property upon Harrison street was their home, Smith and wife did not own it, but this would not affect the fact that they had intended to and actually abandoned the property in controversy as their homestead. Gross et al. v. White (Tex. Civ. App.) 67 S.W.(2d) 895; Gough v. Gibson (Tex. Civ. App.) 1 S.W.(2d) 684; Hudgins v. Thompson, 109 Tex. 433, 211 S. W. 586.

■■ We are further of the opinion that the court erred in holding that the certificate offered in evidence had been materially altered after its execution and delivery.

The original certificate has been made a part of the record and from an inspection thereof it shows that the ordinance levying the assessment was passed on the 10th day of December, 1929. It appears from a careful inspection that the certificate was so written as to show that the ordinance was passed on the 11th day of November, 1929. The name of the owner of the property as it appears upon the face of the certificate is "Hal B. Smith, record owner and Coe & Parks Lumber Company, claimant owner." All of this except Hal B. Smith appears to have been written with the same typewriter and ribbon as was used in changing the date of the passage of the ordinance and it further appears that something has been erased and the words "record owner and Coe & Parks Lumber Company, claimant owner" written in lieu thereof. The stipulation does not affect this.

No reference is made in the pleadings of either party to this apparent alteration appearing upon the face of the certificate. The certificate, with the five coupons attached, are signed by Ernest O. Thompson, Mayor, and Lela Krebs, city secretary of the city of Amarillo. The certificate is therefore an official document and the rule is that if an erasure appears on the face of an official document and there is no evidence to show when it was done, it will be presumed, in the absence of evidence to the contrary, to have been done when the officer had authority to do it.

Wheeler, Justice, said in Miller v. Alexander, 13 Tex. 497, 65 Am. Dec. 73, in discussing the return of an officer:

"The entry in question was the act of a public officer, in the performance of his duty, and the presumption, until the contrary appears, must be that it was made in proper time. To require the plaintiff to prove that it was so made, would be to require him to prove that the officer had not deviated from the line of his duty, which the law presumes without proof."

Neither party introduced any evidence to explain the apparent alteration of the instrument, nor to show by whom, nor when it was so altered. 2 C. J. 1278, § 195; 1 R. C. L. 1044, § 78.

In view of another trial it is proper for us to discuss several other matters mentioned in the brief.

Under the statute (Vernon's Ann. Civ. St. art. 1090) the general rule is that in cases of this character the plaintiff is entitled to recover reasonable attorneys fees. 23 Tex. Jur. 493, § 60.

■■ During the trial the plaintiff waived its right to recover personal judgment against any of the defendants. The rule is that in a suit by a city to collect an assessment of this character a personal judgment against defendants is not necessary, even though the statute and the ordinance may give the certificate holder that right. He may waive his claim for a personal judgment for the amount of the certificate against the defendants and have a judgment in rem awarding him execution subjecting the property alone to the payment of his claim. That the certificate holder has not taken a personal judgment against the defendant is a matter of which the latter cannot complain. Higgins v. Bordages (Tex. Civ. App.) 28 S. W. 350; M. T. Jones Lumber Co. v. Rhoades, 17 Tex. Civ. App. 665, 41 S. W. 102; Slaughter v. City of Dallas (Tex. Civ. App.) 103 S. W. 218, 219; City of San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496; Berry v. City of San Antonio (Tex. Civ. App.) 46 S. W. 273; Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631; Realty Trust Co. v. First Baptist Church (Tex. Civ. App.) 46 S.W.(2d) 1009; City of Galveston v. Heard, 54 Tex. 420.

■ The statute (Vernon's Ann. Civ. St. art. 1090) provides that the paving certificate shall state the owner's name and it is a necessary part thereof. An alteration in this particular would be material and would render the instrument void. Baldwin v. Morton (Tex. Civ. App.) 19 S.W.(2d) 948; Johnson v. Lindsay (Tex. Civ. App.) 30 S.W.(2d) 655; Elmendorf v. City of San Antonio, supra; 2 A. L. R. 790, 791.

The judgment is reversed and the cause remanded.

## On Motion for Rehearing.

The appellee attacks the original opinion, first, insisting that we erred in holding that the testimony is insufficient to establish the defense that the property in question was the homestead of Smith and wife at the time the lien attached, insisting that because it was conceded that Smith and wife had previously occupied the premises in question as a homestead, the presumption should be indulged that this situation continued to exist and the mere fact that there was evidence of abandonment created an issue of fact to be determined by the trial court.

■ While there is a presumption that property once occupied as a homestead continues to be the homestead of the occupant, it is merely a rebuttable presumption of fact and is classed with those presumptions which disappear when confronted with facts. American Central Ins. Co. v. Heath, 29 Tex. Civ. App. 445, 69 S. W. 235. No presumption can be indulged in opposition to facts which show that the fact sought to be established by presumption can have no existence (Largen v. State, 76 Tex. 323, 13 S. W. 161), for the reason that presumptions are never indulged against proof but only in the absence of it and cannot be indulged against unimpeached positive evidence to the contrary (Paxton v. Boyce, 1 Tex. 317, 324; Moore v. Supreme Assembly, 42 Tex. Civ. App. 366, 93 S. W. 1077, 1079). In addition to the positive, uncontradicted testimony of both Smith and wife that they moved out of the house on September 1, 1928, which was more than a year prior to the time the paving certificate was issued in July, 1930, it was shown that the property was sold by the trustee under the deed of trust held by the Wichita Falls Building & Loan Association on August 30, 1931. They testified that the sale resulted because of their inability to make the monthly payments.

In Morris v. Balkham, 75 Tex. 111, 12 S. W. 970, 971, 16 Am. St. Rep. 874, Judge Gaines, referring to the property in litigation, said that it had been a homestead, but Mrs. Balkham testified that before the sale was made she and her husband had abandoned the premises as a place of residence and had moved to San Antonio with the intention never to return to it. "This evidence was uncontradicted, and hence the court did not err in holding that it had ceased to be a homestead."

**720**

In the instant case both Smith and wife testified to the same effect. The question of abandonment of a homestead is primarily one of intention and certainly Smith and wife were better qualified to testify as to their intentions in moving out of the house than any other witness who could have been introduced, and their uncontradicted testimony overcomes any presumption which might have arisen from the fact that they once occupied the premises as a homestead. Appellee insists that bearing out their contention that the property was the homestead of Smith and wife on December 10, 1929, they have the direct assertion of J. B. Coe, the lumber man, that this property was Smith's homestead on December 10, 1929. Coe later qualified his statement by the further testimony that he presumed it was Smith's homestead and gave it as his opinion only. He did not deny the fact testified to by Smith and wife that he refused to permit them to sell the place or that they moved out of the house and into premises on Harrison street in September, 1928. His testimony has no probative value whatever.

They further insist that the fact of homestead is sustained because there is no proof that Smith and wife have ever acquired any other homestead. We discussed that contention in the original opinion and it is too well settled to require further discussion that a homestead may be abandoned by moving therefrom with the intent never to occupy it again as a homestead, whether or not another homestead is ever acquired. Llewellyn et ux. v. First National Bank of Lampasas (Tex. Civ. App.) 265 S. W. 222; Hudgins v. Thompson, 109 Tex. 433, 211 S. W. 586; Gross v. White (Tex. Civ. App.) 67 S.W.(2d) 895. Nevertheless, the testimony shows that immediately upon abandoning the property in controversy, Smith and wife leased a home on Harrison street in Amarillo and it is settled law in Texas that homestead rights attach to leased premises. 22 Tex. Jur. 243, § 169.

The appellees further contend that the only testimony tending to show an abandonment of the homestead being that of Smith and wife, only an issue of fact was raised because they were interested parties.

At the time they testified, their homestead had been sold by the trustee as hereinbefore stated. We cannot assent to the insistence that they were interested witnesses or parties. It is true they were nominal parties, but according to the appellant's statement in open court a nonsuit and dismissal was taken as to them and they ceased to be real parties. They had no interest whatever in the property and, while testifying, they were neither parties nor interested witnesses.

In Grand Fraternity v. Melton, 102 Tex. 399, 117 S. W. 788, Judge Brown announced the rule that while the jury are the judges of the credibility of witnesses, they have no right to arbitrarily reject the evidence of an unimpeached witness against whom there is no discrediting fact or circumstances and they could not lawfully deny proper weight to undisputed facts with no suspicion cast thereon. This rule has been quoted and approved many times since.

In Trinity Gravel Co. v. Cranke, 282 S. W. 798, the Commission of Appeals stated that the trier of facts cannot deny proper weight to undisputed testimony of even an interested party when no suspicion is cast on it by other facts in the case. To the same effect is Malone v. National Bank of Commerce (Tex. Civ. App.) 162 S. W. 369. If we are correct in saying that Smith and wife were neither parties nor interested witnesses, then the rule is that the jury must accord to their uncontradicted testimony verity. Albright v. Smith (Tex. Com. App.) 288 S. W. 178; Smith v. Allbright (Tex. Civ. App.) 279 S. W. 852; Modern Woodmen of America v. Baker (Tex. Civ. App.) 56 S.W.(2d) 891; Texas & N. O. Ry. Co. v. East (Tex. Civ. App.) 57 S.W.(2d) 175.

If it be admitted that Smith and wife were interested witnesses, their interest arises from the fact that property which had previously been their homestead was involved and the rule is announced that the jury cannot arbitrarily reject affirmative, uncontradicted testimony of witnesses when the same is against their interest and return a verdict contrary thereto. Trice v. Bridgewater (Tex. Civ. App.) 51 S.W.(2d) 797. Of course, the court as the trier of facts is bound by the same rules which govern the discretion of the jury. We therefore overrule this contention of the appellee, because there is no testimony tending to establish the fact of homestead claimed by the defendants.

We think we have sufficiently disposed of the remaining contentions in the original opinion and, after a careful review of the record, have concluded that the motion is without merit. It is accordingly overruled.