## WAYBOURNE v. PLAINS CHEV-ROLET CO.

### No. 4985.

Court of Civil Appeals of Texas. Amarillo.

Feb. 6, 1939.

W. S. Birge, of Amarillo, for appellant.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellee.

JACKSON, Chief Justice.

The appellant, Mrs. Maude Waybourne, a widow, instituted this suit in the District Court of Potter County, Texas, against the appellee, the Plains Chevrolet Company, a corporation, to recover the sum of $25,000 for personal injuries alleged to have been inflicted upon her by the negligence of appellee, its servants and employees.

She alleges that appellee was engaged in the business of operating a Chevrolet agency in the city of Amarillo, which included the sale of new Chevrolet cars, parts, accessories and supplies, and had C. S. Holland as one of its sales agents and representatives who sold cars on a commission; that in order to enable him to better succeed in the sale of automobiles, by special arrangement between him and the appellee, he was delivered a Chevrolet sedan for usage as a demonstrater and authorized to keep it in his possession at all times for the mutual convenience of himself and his employer; that on December 28, 1935 he was in possession of and operating the sedan delivered to him for demonstration purposes and while acting within the scope of his authority negligently ran into the appellant causing her to suffer the personal injury for which she seeks to recover damages.

The appellee answered by general demurrer, general denial, and alleged that appellant was guilty of various acts of contributory negligence which would defeat her recovery.

At the close of the testimony the court directed a verdict in behalf of appellee and a judgment was entered thereon that appellant take nothing by her suit and appellee go hence with its costs.

At the request of appellant the court thereafter, in due time, prepared and filed findings of fact and conclusions of law which, in effect, are that the evidence presented a fact issue for the jury as to the negligence of the agent, C. S. Holland, and the contributory negligence of appellant; that C. S. Holland was regularly employed as a sales agent by the appellee but the testimony was conclusive to the effect that such agent was not engaged in the course of his employment for appellee at the time the injuries are alleged to have been sustained; that Holland at the time had left appellee's place of business; it was after working hours; he was driving his own automobile, had gone to a grocery store, bought groceries for his family use, and

was on his way home from the store when the alleged collision occurred and was not engaged in any service directly or remotely connected with his employment with appellee.

Appellant challenges as error the action of the court in directing a verdict against her, asserting that the evidence offered presented for the ascertainment of the jury the issue whether at the time of the injury C. S. Holland was engaged in the furtherance of his master's business.

The record discloses that the Chevrolet sedan in the possession of C. S. Holland at the time of the accident had been sold to him by appellee under a regular written sales contract; that Holland had a bill of sale thereto and was required to pay $12 monthly on the payments of $25, and was allowed as a credit on such installments the price of servicing the car; that at the time of the accident the salesman was not violating any instructions given him by the appellee; the appellee knew he took the car home with him every night and kept it on Sundays; that it was the property of the salesman and the company did not prescribe any definite route that he should travel; that he worked from 8 A. M. to 7 P. M. and made use of the car after office hours because it was his car; that it was sold to him on a discount; that the accident occurred after the office was closed while the salesman was on his way home from the grocery store; that he was not looking for, nor on his way to see a prospective purchaser, and was not in any way engaged in an effort to make a sale, nor serve his master at the time of the accident.

Under this testimony it is our opinion that the court correctly concluded that the testimony was insufficient to sustain a finding that the agent Holland was engaged in the course of his employment or the furtherance of his master's business when the alleged injuries occurred. Gordon v. Texas & Pacific Mercantile & Mfg. Co., Tex. Civ.App., 190 S.W. 748; Van Cleave et al. v. Walker et al., Tex.Civ.App., 210 S.W. 767; Rew et al. v. Stoddard et ux., Tex. Civ.App., 225 S.W. 836; Langford v. El Paso Baking Co., Tex.Civ.App., 1 S.W.2d 476.

The appellant called as witnesses Jesse A. Rogers, the president of appellee company, and C. S. Holland, against whom a suit is pending for the same tort, both of whom are interested parties, and their evidence shows conclusively that Holland was not engaged in the course of his employment when the collision occurred.

It is held that the testimony of interested witnesses not denied or impeached has some probative force. Holland v. Commonwealth Finance Corporation, Tex. Civ.App., 118 S.W.2d 364. See, also, Schumacher et al. v. Missouri Pac. Transp. Co., Tex.Civ.App., 116 S.W.2d 1136.

In Great Southern Life Ins. Co. v. Dorough, 100 S.W.2d 772, 775, Chief Justice Gallagher of the Waco Court of Civil Appeals says: "The general rule as established by our Supreme Court is that the credibility of an interested witness and the weight to be given his testimony are questions for the determination of the court or jury trying the case, notwithstanding such testimony may be uncontradicted and such witness unimpeached. * * *"

He holds, however: "Even though the court or jury trying the case may be authorized, under the rules announced in the cases above cited, to disbelieve and reject the uncontradicted testimony of an interested witness on a particular issue and refuse to make a finding in accord therewith, neither court nor jury can, under such circumstances, without other evidence, make a finding of an affirmative fact diametrically opposed to such testimony. Sterling Nat. Bank & Trust Co. v. Ellis, supra [Tex.Civ.App., 75 S.W.2d 716]; Miller v. Panhandle & S. F. Ry. Co. (Tex.Civ.App.) 35 S.W.(2d) 194, 202 (top 1st column), and authorities there cited; San Jacinto Rice Co. v. Ulrich (Tex.Civ.App.) 214 S. W. 777, par. 4; Hall Music Co. v. Robinson (Tex.Civ.App.) 7 S.W.(2d) 625, 626, par. 6."

From the various authorities we think the rule is that the material evidence of an interested party cannot be rejected and discarded by a trier of the facts where such testimony is not discredited nor impeached and is clear, positive, unequivocal and undisputed. Should the testimony of the interested witnesses in this case be discarded, there is no evidence in the record that would authorize the jury to find that the sales agent Holland, at the time of the accident, was acting in the course of his employment or in the furtherance of his master's business.

The judgment is affirmed.