## TEXAS EMPLOYERS' INS. ASS'N v. LEE.
### No. 14555.

Court of Civil Appeals of Texas. Dallas.

Dec. 12, 1952.

Rehearing Denied Jan. 16, 1953.

Burford, Ryburn, Hincks & Ford and Howard Jensen, Dallas, for appellant.

White & Yarborough, Dallas, for appellee.

CRAMER, Justice.

This is an appeal by appellant Association from an award of total and permanent disability in a lump sum in favor of appellee, an employee of Sleep Ezy Mattress Company, and against appellant Association as insurer under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. The accidental injury was received by employee in the town of Grand Prairie on November 12, 1949, when employee crashed his employer's delivery truck into a car stopped for a changing signal light. Employee was taken immediately, by ambulance, to Parkland Hospital in Dallas where he received treatment in the emergency rooms. He remained there over a period of hours and was then transferred to a room in the hospital. The Association began payment of compensation at $25 per week shortly thereafter and continued such payments for 31 weeks. Employee then filed his claim with the Industrial Accident Board, and appealed its award, when made, to the District Court. On the trial in the District Court the jury, in answer to special issues, found (1) that employee sustained an accidental injury on Nov. 12, 1949, (2) working for employer, (3) in course of his employment, resulting in (4) total and (5) permanent incapacity; and (7) he sustained no partial in-

capacity; (12) awarded the compensation in a lump sum; and (15) on the occasion in question the employee was not in a state of intoxication. The trial court's judgment was for 370 weeks additional compensation at $25 per·week, reduced to a lump sum. From that judgment insurer has perfected this appeal and briefs eight points of error.

Points 1 and 2 assert error in the over-ruling of its motion to prohibit employee's attorney from reading to the jury that part of his pleading seeking a lump sum in view of insurer's agreement in its pleading to the effect that it would pay any award of total and permanent incapacity found by the jury in a lump sum. Insurer's motion to prohibit the reading of such pleading (in paragraph 1 of its answer) was as follows:

"Defendant moves the court to prohibit plaintiff from reading to the jury the allegations in paragraph 10 and elsewhere in said petition, wherein plaintiff seeks to recover a lump sum award and, for the purpose of this motion, defendant stipulates that in the event plaintiff receives a total and permanent award, defendant will pay same in a lump sum. Consequently, in view of the stipulation aforesaid, the allegations of manifest hardship and injustice are not material or relevant to any issue in the case and to permit same to be read to and considered by the jury would cause or have a tendency to cause the jury to find a greater disability for a longer period of time than the facts otherwise warrant; consequently, the reading of the said allegation to the jury is and will be prejudicial to this defendant, and, of the foregoing motion, defendant prays judgment of the court."

The evidence material to such motion, without quoting, shows a jury issue was clearly made as to whether employee, who suffered a head injury and who was seriously disabled, would be better off by having his compensation paid to him weekly for the balance of the 370 weeks, as contemplated by the Workmen's Compensation

Act, or was a special case where hardship and injustice would result to him 'if the compensation was not paid in one lump sum.

The trial court in the exercise of his proper function decided to submit the fact question with reference to lump sum to the jury. In our opinion he committed no error in doing so. It follows also that there was no error in the reading of the pleading thereon to the jury or in the admission of the evidence under such pleading. We further hold that when the trial court overruled insurer's motion he impliedly held, on the record before him at that time, that he did not feel he could, on said agreement alone, without factual background, approve a lump sum settlement, and that the question was one for the jury. This action was within his discretion and reviewable only for an abuse thereof. No abuse of discretion being shown, points 1 and 2 are overruled.

 Point 3 asserts error in the trial court's overruling of insurer's motion to prohibit employee from reading to the jury allegations as to employee's employment of an attorney and his agreement to pay his attorney one-third of his recovery as his fee. The attorney's fee must be based upon reasonable value, and the agreement of the parties with reference to the same is not binding on the court or jury. Our statute, Art. 8306, secs. 7c and 7d, provides that the parties may contract for a fee in the District Court not to exceed one-third of the recovery only on a " * * * basis of services performed and benefits accruing to the beneficiary." The amount to be found is a question of fact for the trial court. Fidelity Union Casualty Co. v. Dapperman, Tex.Civ.App., 53 S.W.2d 845, error ref. While the amount of the attorney's fee is a question for the judge only, it was not error to read the pleading in reference thereto to the jury; Employers' Liability Assur. Corp. v. Sims, Tex. Civ.App., 67 S.W.2d 445, error ref. The evidence was also admissible to be considered by the jury on the issue of lump sum settlement under Art. 8306, sec. 15; Texas Indemnity Ins. Co. v. Arant, Tex.Civ. App., 171 S.W.2d 915, pages 918, 919, dis. w. o. m., syls. 7, 10; Houston Fire & Cas-

ualty Ins. Co. v. Ford, Tex.Civ.App., 241 S.W.2d 158, ref. n. r. e.; King v. Federal Underwriters Exchange, 144 Tex. 531, 191 S.W.2d 855. Point 3 is overruled.

 Points 4, 5 and 6 assert error in the trial court's (4) overruling Association's preliminary motion to exclude from the jury evidence of employee that the Association had paid his compensation for 31 weeks immediately following his injury; (5) in overruling Association's objection when the same evidence was thereafter offered to the jury; and (6) in sustaining objections to its two claim agents' testimony in support of Association's motion to exclude such evidence of said payments paid before Association learned the facts as to employee's intoxication asserted by the Association as a defense to the employee's claim. The record here shows the motion was to exclude otherwise admissible evidence from the jury on the grounds that the thirty-one $25 payments were paid under a mistake of fact. The evidence offered thereon by the Association was the testimony of the two claim agents of the Association. The witnesses were interested witnesses and their evidence made only an issue of fact for the jury. The Association asserts that since their affidavits were not controverted by affidavit or other evidence on such preliminary motion, its affidavits and allegations in the motion to which they are attached and which they support, must be taken as true. The affidavits are those of interested witnesses and can have no greater effect than would the same evidence, if such witnesses were testifying before the jury. Evidence of interested witnesses makes a jury issue only, and an instructed verdict given on such evidence alone would be erroneous and, upon proper objections thereto, would be reversible error. Waybourne v. Plains Chevrolet Co., Tex.Civ.App., 125 S.W.2d 344; Texas Employers' Ins. Ass'n v. Ritchie, Tex.Civ.App., 75 S.W.2d 942, syl. 7, error dis.; Gulf, C. & S. F. Ry. Co. v. Dunman, Tex.Civ.App., 15 S.W.2d 1053, opinion on rehearing, syls. 9 and 10. The affidavits of witnesses offered on a motion for summary judgment have no greater force than would the same evidence if of-

fered before a jury. They showed on their face they were not conclusive of the facts, but made only a jury question. Points 4, 5, and 6 are overruled.

Points 7 and 8 complain of the trial court's submitting special issue No. 3, conditioned on an affirmative answer to special issue No. 2, and special issue No. 4, conditioned on an affirmative answer to special issue No. 3. As shown hereinabove, issue No. 2 inquired whether employee's injuries, if any, were sustained by him while he was working as an employee of Sleep Ezy Mattress Company; No. 3, whether employee's injuries were received while in the course of his employment; and No. 4, whether employee sustained total incapacity as a result of his injuries. The complaint is that such submission advises the jury as to the effect of its answers on each of such issues. On the authority of Associated Employers Lloyds v. Wiggins, Tex.Civ.App., 208 S.W.2d 705, syl. 5, Points 7 and 8 are overruled.

Finding no error in the judgment below, it is

Affirmed.