## Dawkins Lumber Company, et al. v. Hale.

(Decided October 14, 1927.)

(Rehearing Denied, with Modification, December 16, 1927.)

### Appeal from Magoffin Circuit Court.

1. Master and Servant.—Under Ky. Stats., section 4917, where an employer had actual knowledge that employee had received a severe blow just below his eye, no further notice, under sections 4914, 4915, of injury to his eye, was necessary to enable employee to claim compensation.

2. Master and Servant.—Under Ky. Stats., sections 4914, 4915, 4917, notice to employer of a physical injury carries with it notice of all those things which may reasonably be anticipated to result from it.

WILLIAM M. DUFFY and WALTER PRATER for appellants.

J. B. ADAMSON and JOHN W. HOWARD for appellee.

Opinion of the Court by Drury, Commissioner—
Affirming.

John Hale, Jr., claimed compensation at the rate of $12 per week for 100 weeks for permanent loss of sight of his left eye. He was unable to agree with his employer, the Dawkins Lumber Company, and on March 23, 1923, made application to the Workmen's Compensation Board for a ruling. The board ruled against him, because he had not given the notice required by sections 4914 and 4915 of the Kentucky Statutes. He prosecuted an appeal to the circuit court, and obtained a judgment for the amount claimed, which judgment the Dawkins Lumber Company contends is erroneous because of the lack of notice stated.

On March 28, 1922, Hale was conductor of a logging train belonging to the Dawkins Lumber Company. While so engaged he was, as he claims, struck in the face and on his left eye by the large link at the end of a log chain. His cheek was cut below the left eye. He went to the office of Mr. James Duff (the company's superintendent in the woods), and reported the accident. Mr. Duff put a temporary dressing on the wound. Later Dr. Skaggs, the company's physician, came, and he there, in Duff's office, examined Hale's wound, and put on a new dressing. Skaggs says he saw Hale no more; but Hale says that on the following day Dr. Skaggs gave him a bottle of medicine to take the inflammation out of his eye. Hale says his eye was much inflamed and swollen, and Mr. G. W. Marcum says he saw Hale 10 or 15 days after the accident; that his eye was very much swollen and looked like it was bursted out.

After Hale received this first treatment on the day of the injury, he continued to work, and, though he noticed his vision was failing, he gave no further notice about his eye to any of the company, until three or four months afterwards, when he said he told Mr. W. E. Berger, the secretary of the company, and that six or seven months afterwards he told Mr. F. W. Fletcher, the vice president of the company. Mr. Sam Blair, the company's pay roll clerk, says that in November, 1922, Hale made complaint to him about his injury, and told him his eyesight was failing, and gave him the names of three doctors that had said his eyesight was impaired. It is admitted that Hale is now industrially blind in that eye. Dr. Williams says he only has a vision of $1\frac{1}{2}$ /200 in that eye; that is, that he has at a distance of $1\frac{1}{2}$ feet only the

same vision he should have at 200 feet. Comparing the eye to a clock dial, he said there was a crescent shaped scar from 4 to 6 o'clock upon the cornea of the eye, which he said would be a very unusual result from anything except a traumatic injury.

Hale testifies positively he told Duff and Dr. Skaggs when his wound was dressed that he was hit in the eye. They are not positive in their denials of this, but both say they do not think he did. If Hale told them that, they needed no further notice, for by section 4917 it is provided:

> "Want of notice or delay in giving notice shall not be a bar to proceedings under this act, if it be shown that the employer, his agent or representative had knowledge of the injury."

Conceding he did not tell them his eye was hurt, the stubborn fact remains they saw he had received a severe blow on his cheek bone, just below his eye. They dressed the resulting wound, and as said in Bates & Rogers Const. Co. v. Emmons, 205 Ky. 21, 265 S. W. 447:

> "Notice of a physical injury carries with it notice of all those things which may reasonably be anticipated to result from it."

The Dawkins Lumber Company relies on the case of Bates & Rogers Const. Co. v. Allen, 183 Ky. 815, 210 S. W. 467, and it has in its brief quoted much that we said in that case; but if we look not at what was said in that opinion, but at what was decided, we find that case supports Hale's contention.

This case cannot be distinguished from the Emmons case, supra, and upon the authority of the Emmons case our decision in this case is rested. To avoid paying Hale compensation for the loss of his eye, the Dawkins Lumber Company insisted Hale had never given it notice of this injury as required by our statutes. Hale insisted that failure to give notice is a special defense, which the Dawkins Lumber Company was required by the rules of the Workmen's Compensation Board to plead affirmatively, and to file such pleading at least five days before the hearing, which it had failed to do. The Dawkins Lumber Company took the position that the giving of notice of an injury is a condition precedent to the workman's right to compensation, the proving of which is a burden resting on the workman.

· This is a very nice question of practice; but, as we have reached the conclusion that notice of this injury was given in this case, we therefore express no opinion on this question of practice.

The judgment is affirmed.