LILLIAN J. PAQUETTE *vs.* CITY OF FALL RIVER.

ALVIN A. GAFFNEY *vs.* SAME.

Bristol.   January 7, 1932. — January 25, 1932. ´

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*School and School Committee.  Fall River.  Constitutional Law,* Control of municipalities, Obligation of contract.  *Statute,* Construction.  *Words,* "Discretion," "Grade."

The "discretion" of the school committee at which certain teachers in public schools must be employed under G. L. c. 71, § 41, denotes freedom of the committee to act according to honest judgment not only with regard to tenure within the limitation of § 42, but also with regard to compensation within the limitation of § 43.

A vote of the board of finance of the city of Fall River under authority of St. 1931, c. 44, § 8, that they would not approve the expenditure of any moneys for the salary of any school teacher greater in amount than a sum twenty per cent less than that in force immediately prior to April 1, 1931, was sufficient basis for action by the school committee in exercising its discretion to make such reduction in the midst of the school year in salaries of teachers serving at discretion under G. L. c. 71, § 41.

Such action by the board of finance and the school committee did not impair any contractual obligation existing between such teachers and the city.

The enactment of St. 1931, c. 44, was within the general power of the Legislature even if its § 8 be regarded as an amendment or suspension of G. L. c. 71, § 43; and such statutory provisions are constitutional with respect to school teachers employed at discretion under G. L. c. 71, § 41.

Action by the school committee of Fall River above described was not a violation of G. L. c. 71, § 43, although no reduction was made in salaries of some teachers who were receiving the same amount of salary as that received by others who were affected by the vote, where it appeared that none of those not suffering a reduction had come within the terms of G. L. c. 71, § 41, and been elected to serve at discretion: identity of amount of salary was not the sole test of validity under § 43 of the action of the committee.

TWO ACTIONS OF CONTRACT. Writs dated June 26, 1931.

In the Superior Court, the actions were heard together by *T. J. Hammond*, J., upon an agreed statement of facts. He found for the defendant in each action, ordered them consolidated, and reported them for determination by this court.

*A. E. Seagrave*, for the plaintiffs.

*E. T. Murphy*, Corporation Counsel, (*H. K. Hudner* with him,) for the defendant.

RUGG, C.J. The plaintiffs are teachers in the public schools of the defendant. Each had been elected, after preliminary employment for at least three years, to serve at the discretion of the school committee. They had received stated salaries for performance of their duties prior to September, 1930. In that month they returned to their work and performed their duties, receiving the same salary previously paid until April 6, 1931. On April 4, 1931, the school committee voted to reduce the salaries of all teachers by an amount equal to twenty per cent, the reduction to take effect on April 6, 1931, excepting those who had not been employed for more than three years and who had not been elected to serve at its pleasure. That vote was passed pursuant to action by the Fall River board of finance under St. 1931, c. 44, to the effect that that board would not approve the expenditure of any moneys for the salary of any school teacher greater in amount than a sum twenty per cent less than that in force immediately prior to April 1, 1931. Payments to the plaintiffs for salary were reduced accordingly. These actions are brought to recover sums equivalent to that reduction of twenty per cent for the remainder of the school year which began in September, 1930.

The plaintiffs had no contracts in writing with the school committee of the defendant. The rights of the plaintiffs and the obligations of the defendant are those created and defined by the statutes as applied to the facts here disclosed. The plaintiffs were elected teachers under the terms of G. L. c. 71, § 41. It is there provided with respect to teachers in the positions of the plaintiffs that the "school

committee . . . in electing a teacher . . . who has served in its public schools for the three previous consecutive school years . . . shall employ him to serve at its discretion . . . ." The terms of this section are mandatory. The school committee has no option to elect the teachers there described except "to serve at its discretion." The meaning of this statutory language is that such discretion includes every essential element in the service thus established save as otherwise specified by statute. In this connection the discretion of the school committee denotes freedom to act according to honest judgment. *Corrigan v. School Committee of New Bedford,* 250 Mass. 334, 339. "The term *discretion* implies the absence of a hard-and-fast rule. The establishment of a clearly defined rule of action would be the end of *discretion,* and yet discretion should not be a word for arbitrary will or inconsiderate action. 'Discretion means a decision of what is just and proper in the circumstances.'" *The Styria* v. *Morgan,* 186 U. S. 1, 9. We are of opinion that the words of the statute describing the relation of the plaintiffs as an employment to serve at the discretion of the school committee govern compensation as well as tenure. The power vested in school committees under our statutes includes the authority to fix the compensation. G. L. c. 71, § 38. *Leonard v. School Committee of Springfield,* 241 Mass. 325, 329–330. The plaintiffs had no other contract touching salaries than that implied from their employment and from the compensation paid them in previous years. They were secured against reduction in salary except under a general salary revision by G. L. c. 71, § 43. They were also protected against summary dismissal by G. L. c. 71, § 42. These provisions indicate the purpose of the General Court to cover the field of relations between teachers and school committees and not to leave operative general rules arising from implication which would govern the rights between independent parties. *School Committee of Lowell* v. *Mayor of Lowell,* 265 Mass. 353. It is not necessary to consider cases like *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 4–5, where implied contracts of employment arising from

preceding conduct are involved, because that principle is not here relevant. The plaintiffs cannot hold the defendant to any obligations not authorized by the statutes, and the school committee has no power to impose any such obligation upon the defendant. *Sheldon* v. *School Committee of Hopedale,* 276 Mass. 230.

The relations between the plaintiffs and the defendant constitute continuous and indeterminate service subject to the statutory provisions and the exercise of discretion by the school committee within the prescribed limits. They do not establish employment from year to year.

The powers reposed in the Fall River board of finance under St. 1931, c. 44, are extensive enough to warrant the action as here disclosed. By the express terms of § 8 that board has supervision of all financial affairs of the defendant, including those relating to the public schools; it is empowered to make recommendations to the school committee as well as to other municipal officers. The enactment of this statute, so far as concerns the issues here involved, was within the competency of the General Court in order to inaugurate and insure necessary economies in the municipal administration of the defendant. *Broadhurst* v. *Fall River, ante,* 167, and cases cited. The action of that board and of the school committee did not in any degree impair the contractual obligations existing between the plaintiffs and the defendant. The vote of the board of finance was sufficient basis for the action of the school committee in exercising its discretion to make the reduction in the salaries of the plaintiffs.

The enactment of St. 1931, c. 44, was within the general power of the Legislature even if its § 8 be regarded as an amendment or suspension of G. L. c. 71, § 43. The General Court has extensive authority respecting cities and towns. It may distribute the functions of municipal government among several officers and boards and from time to time may revoke, or alter, or modify the duties thus reposed and grant them to other and newly established instrumentalities as in its judgment the public welfare may require. Embraced within this broad prerogative would be the transfer

of the exercise of the discretion vested in the school committee by G. L. c. 71, § 43, to the board of finance so far as concerned Fall River, or to require its joint exercise by action by both. There is no requirement for uniformity in the laws for the executive and administrative functions of the several cities. Four different general forms of city charter are set forth in G. L. c. 43. Prior to the enactment of the first general law of that nature in St. 1915, c. 267, there was and there still is great diversity of substance and of detail among the charters of the several cities. *Cunningham* v. *Mayor of Cambridge,* 222 Mass. 574, 576–577. See *Wheelock* v. *Lowell,* 196 Mass. 220, 226–227, for collection of references. The constitutionality of St. 1931, c. 44, so far as the plaintiffs are entitled to question its terms, is covered by *Broadhurst* v. *Fall River, ante,* 167.

In the Paquette case, the point is raised that the vote to reduce the salary of the plaintiff was invalid because of failure to comply with the provision of G. L. c. 71, § 43, to the effect that the salary of no teacher serving at discretion shall be reduced without his consent "except by a general salary revision affecting equally all teachers of the same salary grade." The pertinent facts in this connection are that there were employed by the defendant several other teachers receiving the same annual salary as this plaintiff, whose salaries were not reduced. None of those teachers had been elected to serve at discretion but they were employed under yearly contracts and had not been so employed more than three consecutive years. Several of those teachers were engaged in schools of distinct character and in teaching of a different nature from the employment of this plaintiff. Others, while apparently employed in schools of the same character and in teaching of the same general classification, were not serving at the discretion of the school committee because not eligible for that tenure, not having been employed for the requisite preliminary period of time. The governing statutory words to be interpreted are "same salary grade." Clearly, identity of salary is not the sole test. So to interpret the phrase would eliminate the word "grade." It is a familiar canon

of statutory construction that every word of a legislative enactment must be given force and effect and no word treated as superfluous, unless no other possible course is open. The word "grade" has significance in connection with schools. It has been customary to describe the several schools in which instruction is given preparatory for entrance to the high school as "the grades." It has a wider import in this context because it is designed plainly to include all public school teachers employed in a particular municipality, regardless of the name of the school in which the service may be rendered. The word is broad enough also to comprise tenure of service. Two teachers, one having a contract for one year only and the other having the continuous and indeterminate service enjoyed by the plaintiff, cannot rightly be said to be in the same grade even though receiving identical sums as salary. Perhaps the word may have other bearings and implications. Salary is only one factor in determining whether specified teachers are "of the same salary grade." In deciding whether a general salary revision affects all such teachers, not only must consideration be given to "salary" received, but also to the sum of the factors comprehended within the scope of "grade" as already suggested. The result is that it does not appear on this record that there has been any violation of G. L. c. 71, § 43, in making the salary reductions here attacked. There was a general salary revision and the salary of each plaintiff was thereby reduced. It is not necessary to review one by one the rulings of the trial judge. There was no error of law in any of them.

In each case the entry may be

*Finding for defendant to stand.*