## TEXAS INDEMNITY INS. CO. v. ARANT.
### No. 2359.

Court of Civil Appeals of Texas. Eastland.
April 30, 1943.

Rehearing Denied May 28, 1943.

Wagstaff, Harwell, Douthit & Alvis, of Abilene, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellee.

FUNDERBURK, Justice.

J. T. Arant, an employee of Sears Roebuck and Company, following the required procedure before the Industrial Accident Board, in due time brought this suit against the Texas Indemnity Insurance Company, compensation insurance carrier for said employer, to recover compensation for an alleged total and permanent incapacity resulting from an accidental injury received in the course of his employment, on the 31st day of July, 1941. Texas Indemnity Insurance Company will be referred to as the Insurer, Sears Roebuck and Company as the Employer, and J. T. Arant as the Employee.

The trial of the case by jury resulted in a verdict and judgment for the Employee awarding him a lump sum recovery. Insurer has appealed.

It is contended there was no evidence to show that the Employer had notice of the injury, if any, within thirty days thereafter. The finding of the jury upon the issue of such notice was to the effect that Mr. Hendrix was notified of the injury within the 30 days time. The Employee testified that he so notified Hendrix. Hendrix, it appears, was not available as a witness. The real question is whether notice to Hendrix was notice to the Employer. It was undisputed that Hendrix was head of two or three departments in the Employer's store, and that the Employee worked under him in one of the departments. There was testimony to the effect that both Hendrix and the Employee, in the pursuit of their employment, were engaged in lifting a heavy refrigerator when the alleged injury, if any, was sustained, and that the Employee told Hendrix that he had hurt himself while lifting the refrigerator.

We think that, at least in the absence of specially limiting circumstances not here involved, notice to a foreman or immediate superior by an employee working under him at the time of a claimed injury is notice to their common employer. "A notice to the employee's immediate superior", says Corpus Juris, "has been held a sufficient compliance with the requirements of the statute. Notice to the foreman of an injured employee has been held to constitute a notice to the employer." 71 C. J. p. 979, Sec. 764. For authorities supporting the text, more or less directly, see Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S.W. 34; Roney v. Griffith Piano Co., 131 A. 686, 4 N.J.Misc. 31; Wabash Ry. Co. v. Industrial Commission, 286 Ill. 194, 121 N.E. 569; Clary v. Proudfit Co., 124 Neb. 582, 247 N.W. 417; Texas Employers' Ins. Ass'n v. Bradshaw, Tex.Civ.App., 27 S.W.2d 314; Texas Employers' Ins. Ass'n v. Wonderley, Tex.Civ. App., 16 S.W.2d 386; Texas Employers' Ins. Ass'n v. Booth, Tex.Civ.App., 113 S.W. 2d 231; Page v. State Insurance Fund, 53 Idaho 177, 22 P.2d 681, and authorities cited; Dawkins Lumber Co. v. Hale, 221 Ky. 755, 299 S.W. 991; Bates & Rogers Const. Co. v. Allen, 183 Ky. 815, 210 S.W. 467, and authorities cited.

The issue of notice, as we conclude, being raised only by the evidence of an interested witness, we cannot pass upon a question of *preponderance* of the evidence, as sought to be presented by Insurer's first point, such a question being necessarily controlled by considerations of the credibility of witnesses and the weight of the evidence, or in other words, matters exclusively for the determination of the jury.

Insurer's points Three to Six, inclusive, relate to a previous injury of the Employee. A previous injury, unless it has produced compensable disability, is immaterial, unless the sole cause of the disability for which compensation is sought. Issues were submitted as to whether the Employee, prior to the alleged injury, had *an abnormal condition* in his back, and if so, whether it was the *sole* cause of his present disability. These issues were answered to the effect that the Employee did have such abnormal condition, but that it was not the sole cause of his present disability. There is no necessary identity of a pre-existing abnormal condition, and an injury, to say nothing of such an injury as is compensable under the Workmen's Compensation Laws.

The only pleas tendering any such issues were a part of Insurer's answer that "in this connection [defendant] says that

918

Plaintiff's condition and disability, if any, is the result of prior existing infirmity and prior injuries which existed prior to the 31st day of July, 1941, and that by reason thereof, the plaintiff is not entitled to recover herein." In our opinion this pleading does not purport to tender the issue of a prior *compensable* injury, as distinct from a mere infirmity or other injury or abnormal condition not necessarily an injury in any sense.

■ But it is unnecessary to rest our decision upon this ground, for whether so or not, such an issue was not submitted, and if it be granted that it was raised by the evidence, it was not conclusively established by the evidence. Rule No. 279, Texas Rules of Civil Procedure, in part, provides that "failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment." The Insurer makes no point based upon refusal of the court to submit an issue requested by it in substantially correct wording. The issue, if any, pleaded (and required by Rule No. 277 to be affirmatively pleaded) was one relied upon by Insurer. Failure to submit it, absent any request by Insurer for its submission, cannot be reviewed upon an objection to the court's failure to submit it. Rule No. 279.

■ The issues submitted relative to an abnormal condition of plaintiff's back were not elements of the same ground of recovery as the issue of a prior compensable injury. The law respecting each is different, made so by the provision of R.S.1925, Art. 8306, Sec. 12c.

Undeniably, the evidence was meager to support the issue of the Employee's right to a lump sum settlement. However, the law giving the right to an award of compensation in a lump sum, R.S.1925, Art. 8306, Sec. 15, affords no guide either as to the evidence required or the facts to be established by such evidence in showing hardship or injustice.

■ The law, instead of saying where manifest hardship and injustice would otherwise result, etc., says "where *in the judgment of the board* manifest hardship and injustice would otherwise result, the board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as

may be determined by the board." (Italics ours.) The import of the language is that the question is to be determined as a matter of *opinion* (judgment) rather than as a matter of *fact,* based upon evidence in the more usual sense. A good analogy, we think, is to be found in a provision of R.S. 1925, Art. 4677, reading as follows: "The jury may give such damages as *they think* proportionate to the injury", etc. (Italics ours.) Under this provision the Supreme Court in Brunswig v. White, 70 Tex. 504, 8 S.W. 85, 87, approved a jury charge as follows: "And the value of the child's services during the period of her minority * * * is to be ascertained by you as best you can from *your own judgment, common sense, and sound discretion,* and the evidence before you." (Italics ours.) Quoting from its earlier opinion in International & G. N. Ry. Co. v. Kindred, 57 Tex. 491, the court further said that " 'the evidence in this class of cases, from the nature of things, cannot furnish the measure of damages with that certainty and accuracy with which it may be done in other cases; hence the necessity and wisdom of leaving the question of damages to the discretion of the jury, which will be revised by the court; but their finding *will not be set aside, unless it be made to* appear that such discretion has been abused.' " Relative to said provision of Art. 4677, and based upon the above authorities, we have heretofore announced conclusions that "The decision of the jury upon some issues, in particular cases, is more a matter of the jury's opinion than in others", and "that the function of evidence essential to support such an issue * * * is to provide the foundation or basis for the opinion of the jury." Safeway Stores v. Webb, Tex.Civ.App., 164 S.W.2d 868, 875.

■ That the foregoing is applicable to the question of lump sum settlement is suggested, at least, by the considerable number of decisions holding that an award of lump sum payment rests largely in the discretion of the trial court, not to be disturbed upon appeal except upon a showing of abuse of such discretion. See United Employers Casualty Co. v. Barker, Tex.Civ.App., 148 S.W.2d 260; Ætna Casualty Co. v. Dixon, Tex.Civ.App., 145 S.W.2d 620; Texas Employers Ins. Ass'n v. Clack, Tex.Civ.App., 112 S.W.2d 526; Indemnity Ins. Co. of North America v. Wright, Tex.Civ.App., 69 S.W.2d 438; Lumbermen's Reciprocal

Ass'n v. Behnken, Tex.Civ.App., 226 S.W. 154; Georgia Casualty Co. v. Little, Tex. Civ.App., 281 S.W. 1092; Texas Employers' Ins. Ass'n v. Boudreaux, Tex.Civ.App., 213 S.W. 674.[1]

■ If the above mentioned analogy exists as we think, then the question at issue, while nominally a question of whether there was no evidence sufficient to support the verdict of the jury, is in reality whether there was no evidence sufficient to constitute a foundation or basis for the opinion of the jury that hardship and injustice would result if payment in a lump sum was not awarded. Besides and independently of the analogy mentioned, a question of whether failure to award a lump sum payment of compensation would result in hardship and injustice is by its very nature more a matter of opinion than of fact.

■ There was evidence to the effect that the Employee, being totally and permanently disabled, was without money or property of any kind and owed debts he could not pay unless the award or compensation was paid in a lump sum. We find ourselves unable to say that the opinion or judgment of the jury, based upon such evidence, but properly including consideration of other unnamed factors, was clearly wrong. Such judgment of the jury is not shown to be arbitrary or capricious, but if we should substitute a contrary judgment of our own for that of the jury, it occurs to us that our own judgment would not be free from the criticism that it was arbitrary or capricious.

■ We are of the opinion that the court did not err in excluding evidence that Dr. L. J. Pickard, a witness for Insurer, in making an examination of the Employee did so at the request of the Industrial Accident Board. To show his disinterestedness, this witness was permitted to testify that he had not made such examination at the instance of the Insurer or of the Employer. That, we think, was as much as the Insurer was entitled to show as a mat-

---

[1] The law books are full of instances wherein an asserted proposition designed to show material error is answered by an appellate court to the general effect that the matter was within the discretion of the trial court, and no abuse of such discretion being shown, the judgment of the lower court could not be disturbed. It has long seemed to the writer that such a disposition of a point relied upon to show reversible error was most unsatisfactory. Generally it is practically meaningless, or if not, it means entirely too much. If, however, it be assumed that the Legislature has the lawful power to make a law by which rights of litigants may be concluded by an opinion or judgment of the court or jury, absent any definition of the elements or component matters to support it, then in a true and proper sense, such opinion or judgment may be said to be a matter of discretion.

The definitions of discretion are many. Definitions supporting, as an act of discretion, the act of court or jury in determining that an award of compensation shall be paid in a lump sum may be mentioned as follows: "The word * * * has been variously defined as the act or the liberty of deciding according to the principles of justice and one's ideas of what is right and proper under the circumstances, without willfulness or favor * * * deliberate judgment * * * the power to discriminate and determine what, under existing circumstances, is right and proper." 27 C.J.S. p. 133. A good statement, inclusive as well as exclusive of the scope of operation of discretion, is the following: "Discretion in performing an act arises when it may be performed in one or two or more ways, either of which would be lawful, and where it is left to the will or judgment of the performer to determine in which way it shall be performed, but when a positive duty is enjoined and there is but one way in which it can be performed lawfully, then there is no discretion." Id. p. 134. In line with the last clause are those decisions to the effect that where there is a clearly defined and well settled applicable rule of law, the courts are bound to enforce the rule, and discretion is at an end. Long v. George, 296 Mass. 574, 7 N.E.2d 149, 151; Paquette v. City of Fall River, 278 Mass. 172, 179 N.E. 588, 590; Wilson v. Michigan State Board of Registration in Medicine, 228 Mich. 25, 199 N.W. 643, 644; State v. Lewis, 113 Or. 359, 230 P. 543, 544, 232 P. 1013; 18 C.J. p. 1136, note 59(a); 27 C.J.S., p. 136, note 62.

From these principles it seems to me easily deducible that when the law provides that a right be determined by an opinion or judgment of a court or jury and does not specify the factors or elements entering into such opinion or judgment, then there is presented a clear case where such opinion or judgment may truly be said to involve discretion, not to be overturned except where it is shown to be arbitrary, capricious, indeliberate or something else affirmatively shown to affect its fairness or justice.

920

ter of original evidence. The same principle, it seems to us, by which the award of the Board is excluded is applicable to this evidence. In a suit to recover compensation, the issues should be tried wholly uninfluenced by any procedure before, or connected with, the Industrial Accident Board.

Finally, we are also of the opinion that the amount of the judgment against the Insurer was not subject to off-set by the amount of sick benefits paid by the Employer to the Employee. The Employer was not a party to the suit, nor was the Insurer in privity with the Employer as to the payment by the Employer of sick benefits to its Employees. So far as appears, the Employer was a volunteer in the payment of such benefits. As argued by appellee, if there was any mistake in such payment giving rise to a cause of action, such cause of action was in the Employer and not the Insurer. There seems to us to be no applicable principle warranting the claimed right of off-set.

It being our conclusion upon the whole case that the judgment of the trial court should be affirmed, it is accordingly so ordered.