EARL J. WATT & others *vs.* TOWN OF CHELMSFORD.

Middlesex.     January 9, 1952. — February 28, 1952.

Present: LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*School and School Committee. Municipal Corporations*, Municipal finance.

The record in a proceeding under G. L. (Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294, disclosed no error in a finding of the judge hearing the case that there was no deficiency in the appropriations made by a town for salaries of teachers and of schoolhouse janitors for a certain year where it appeared that the appropriations were in the amounts specified in a motion made by a member of the school committee at the town meeting and were· sufficient to cover such salaries as fixed by the school committee following the town meeting, notwithstanding

a report of the school committee prior to the town meeting recommending the appropriation of larger amounts.

A vote of the school committee of a town reducing salaries of teachers serving "at discretion" was not shown to be invalid under G. L. (Ter. Ed.) c. 71, § 43, where it did not appear that the reduction was without the consent of the teachers or was not pursuant to a "general salary revision."

PETITION, filed in the Superior Court on April 1, 1949.

The case was heard by *Goldberg,* J.

*T. H. Donohue,* for the petitioners.

*F. M. Qua,* (*E. J. DeSaulnier, Jr.,* with him,) for the respondent.

LUMMUS, J. General Laws (Ter. Ed.) c. 71, § 34, as appearing in St. 1939, c. 294, provides as follows: "Every city and town shall annually provide an amount of money sufficient for the support of the public schools as required by this chapter. Upon petition to the superior court, sitting in equity, against a city or town, brought by ten or more taxable inhabitants thereof, or by the mayor of a city, or by the attorney general, alleging that the amount necessary in such city or town for the support of public schools as aforesaid has not been included in the annual budget appropriations for said year, said court may determine the amount of the deficiency, if any, and may order such city and all its officers whose action is necessary to carry out such order, or such town and its treasurer, selectmen and assessors, to provide a sum of money equal to such deficiency, together with a sum equal to twenty-five per cent thereof. . . . Said court may order that the sum equal to the deficiency be appropriated and added to the amounts previously appropriated for the school purposes of such city or town in the year in which such deficiency occurs and may order that the amount in excess of the deficiency be held by such city or town as a separate account, to be applied to meet the appropriation for school purposes in the following year."

On April 1, 1949, more than ten taxable inhabitants of Chelmsford brought this petition under the statute just quoted. It alleged that the school committee asked for an appropriation for the support of the public schools of

$235,480 for the year 1949, but that the town appropriated only $226,250, an amount smaller by $9,230, and that the amount appropriated is insufficient. The case was heard by a judge of the Superior Court, who on June 4, 1951, filed findings of fact, rulings of law, and an order for a final decree dismissing the petition. From such a final decree the petitioners appealed. The evidence is reported.

The judge found the following facts. On December 20, 1948, the school committee voted that a "sum be recommended sufficient to provide for" certain specified increases in the salaries of teachers. It does not appear that those increases were actually made. On January 19, 1949, the school committee made a report calling for $160,000 for salaries of teachers (an increase of $10,850) and $17,730 for salaries of schoolhouse janitors (an increase of $1,600). This report was adopted by a vote of two of the three members of the school committee, Fletcher and Lupien voting for it and Hart against it. The town finance committee reported to the voters, recommending $150,000 for salaries of teachers and $16,130 for salaries of janitors. On March 7, 1949, the town election was held, and Mrs. Lewis was elected to the school committee in the place of Lupien.

The town meeting was held on March 14, 1949. Hart moved to make the appropriation for salaries of teachers $152,000, and stated that at the school committee meeting to be held the next day he and Mrs. Lewis would vote to make the salaries of teachers conform to the 1948 rates. The town meeting made an appropriation of $152,000 for salaries of teachers. Hart moved an appropriation of $16,500 for salaries of janitors, and stated that he and Mrs. Lewis would vote to reduce the salaries of janitors so that $16,500 would be sufficient to take care of the increased salaries from January 1 to April 1, 1949. The town meeting made an appropriation of $16,500 for salaries of janitors. The next day the school committee voted to reduce the salaries of teachers and later those of janitors to the 1948 level, Hart and Mrs. Lewis voting in favor of and Fletcher against it. The appropriations made at the town meeting

Watt *v.* Chelmsford.

were sufficient to cover the reduced salaries, and as the judge found to leave no deficiency.

It has long been settled that the school committee has the absolute right to fix the salaries of school teachers, and cannot be controlled by the town or limited to the amount appropriated by the town. *Watt* v. *Chelmsford,* 323 Mass. 697, 700, and cases cited. *Attorney General* v. *Ware, ante,* 18, 20. The same is true of the salaries of school janitors. *Ring* v. *Woburn,* 311 Mass. 679, 687–688. *Hayes* v. *Brockton,* 313 Mass. 641, 646–647. *Watt* v. *Chelmsford,* 323 Mass. 697, 700.

The contention of the petitioners is that the votes of the school committee, made after the town meeting, purporting to reduce the salaries of teachers and janitors, were invalid. They contend, first, that the majority of the committee did not exercise their own judgment, but submitted to that of the town meeting. We see nothing in the record to support that contention. But the petitioners point out further that by G. L. (Ter. Ed.) c. 71, § 43, "The salary of no teacher employed in any town except Boston to serve at discretion shall be reduced without his consent except by a general salary revision affecting equally all teachers of the same salary grade in the town. . . ." Teachers who have served for three consecutive school years thereafter serve "at . . . discretion." G. L. (Ter. Ed.) c. 71, § 41, as appearing in St. 1947, c. 597, § 1. *Paquette* v. *Fall River,* 278 Mass. 172. No statute stands in the way of a reduction in the salaries of janitors, who were not under civil service.

Some of the teachers were serving at discretion, and some were not. Those who were not were all hired during the summer of 1948, at the rate of salaries in force during 1948, and their salaries have not been reduced below those at which they were hired. Those serving "at discretion" could have their salaries reduced by their consent, or by a general salary revision. G. L. (Ter. Ed.) c. 71, § 43. The record before us fails to negative their consent, or to show that any reduction of salaries was not a permissible "general salary revision."

The finding of the judge that there was no deficiency in the appropriation made for the support of the public schools for the year 1949 appears to us to be free from error.

*Final decree affirmed with
costs of this appeal.*