JOHN E. SULLIVAN *vs.* SCHOOL COMMITTEE OF REVERE.

Suffolk. November 4, 1964. — December 3, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*School and School Committee. Contract,* With superintendent of schools. *Municipal Corporations,* Contracts.

A contract whereby the school committee of a city initially employed a superintendent of schools for a term of three years in order "to ensure . . . the benefits of continued competent superintendence" contravened the requirement of annual election in G. L. c. 43, § 32, and did not prevent the committee from terminating his employment without cause at the end of the second year by a notice given before April 15 of that year that he would not be employed for the third year.

BILL IN EQUITY filed in the Superior Court on June 13, 1963.

The suit was heard by *Moynihan, J.*

*A. Kenneth Carey (Donald E. Carey* with him) for the plaintiff.

*Ralph F. Martino,* City Solicitor, for the defendant.

WHITTEMORE, J.  The issue presented by this appeal is the validity of a contract of July 10, 1961, by which the school committee of Revere engaged the services of the plaintiff as superintendent of schools for a term of three years from August 1, 1961.  The contract recited that it was made "to ensure . . . the benefits of continued competent superintendence."  The plaintiff had been elected superintendent on May 16, 1961.

The final decree in the Superior Court declared that the contract was validly terminated by the vote of the committee of November 13, 1962, and their written notice to the plaintiff, before April 15, 1963, that he was not to be employed for the following school year; also that inasmuch as the plaintiff was not serving at the discretion of the committee under G. L. c. 71, § 41, he was subject to dismissal without cause.  This decree was right.

The General Laws express the powers of the committee in respect of employing a superintendent.  Chapter 71, § 59, specifies that "[t]he school committee of a town not in a superintendency union or district shall employ a superintendent of schools and fix his compensation."  Chapter 43, § 32, requires that "[t]he school committee shall elect a superintendent of schools annually, except as provided in section forty-one of chapter seventy-one."  The exception of c. 71, § 41, is that the committee "in electing a teacher or superintendent, who has served in its public schools for the three previous consecutive school years, . . . shall employ him to serve at its discretion; but any school committee may elect a teacher who has served in its schools for not less than one school year to serve at such discretion.  A teacher or superintendent not serving at discretion shall be notified in writing on or before April fifteenth whenever such person is not to be employed for the following school year.  Unless said notice is given as herein provided, a teacher or

superintendent not serving at discretion shall be deemed to be appointed for the following school year.'' These statutes speak for themselves in the specification of the term for which a superintendent shall be engaged and how an incumbent is to acquire that tenure which employment ''at discretion'' gives. See *Paquette* v. *Fall River,* 278 Mass. 172, 173–175.

The plaintiff, however, asks that we construe the statutes to state only a minimal requirement imposed for the protection of the superintendent. He suggests that this construction is justified by the doctrine of the supremacy of the committee in educational matters, *Graves* v. *Fairhaven,* 338 Mass. 290, 293, and the importance to a good school system of freedom to persuade a promising candidate by a threshold offer of tenure. The unambiguous statutes leave no room for this construction. The Legislature has determined and specified what powers the committee shall have in the premises and there is no occasion to speculate whether different powers would better serve the general intent of good schools.

The supremacy of the school committee is, of course, in the exercise of the general and specific authority in respect of schools set out in the General Laws. The doctrine has been applied to exclude the school committee from the application of certain general provisions limiting the power of municipal officers and boards. Thus, in *School Comm. of Salem* v. *Gavin,* 333 Mass. 632, on which the plaintiff relies, we held that the committee in making a three year contract with a one year renewal option with a football coach[1] was not limited by G. L. c. 43, § 29, that requires in part that ''[a]ll contracts made by any department, board or commission where the amount involved is one thousand dollars or more'' should bear the approval of the mayor or city manager as well as the officer or department head or board chairman. See cases and discussion in *School Comm.*

---

[1] See, for present three year limit on such contracts, G. L. c. 71, § 47A, inserted by St. 1954, c. 220.

*of Gloucester* v. *Gloucester,* 324 Mass. 209, 213–215. But G. L. c. 43, § 32, is express. The grant to the committee in G. L. c. 71, § 37, of the "general charge of all the public schools," does not lessen the significance of a specification in another chapter of the committee's employing power.

The Legislature has determined that supremacy in respect of the continued employment of a superintendent shall, except as to tenure, be in the committee from time to time in office. Such committee, in deciding what will promote good schools, may not be fettered by the action of a past committee beyond the express direction of G. L. c. 43, § 32. See *Murphy* v. *Cambridge,* 342 Mass. 339, 341.

*Decree affirmed.*