Rescript Opinions.

CHARLES H. MINNICH vs. TOWN OF NANTUCKET. April 29, 1966. In this action of contract for salary as superintendent for the school year 1964–1965, the question presented is whether the judge was right in ruling, on a statement of agreed facts, that the defendant town, acting through its school committee, had exceeded its statutory authority in making the contract with the plaintiff. In June of 1962, the plaintiff was appointed superintendent under a "One year contract with a one year notice of termination." In April of 1963 he was reappointed on the same terms for the school year 1963–1964. On March 31, 1964, he was notified that his services would be terminated on June 30, 1964. The plaintiff claims that he is entitled to salary to March 31, 1965, one year from the date of notice. The judge was right. The power of a school committee, whether of a city or town, to employ a superintendent is controlled by G. L. c. 71, § 41, which enjoins every school committee from authorizing the employment of a superintendent other than from year to year except where the superintendent has served as such for the three previous consecutive school years. *Sullivan* v. *School Comm. of Revere*, 348 Mass. 162, 163. The plaintiff was not "serving at discretion" because he did not have the requisite years of service. The notice of termination of his employment, in view of his status, was in accordance with the provisions of G. L. c. 71, § 41.

*Exceptions overruled.*

*Joseph G. Crane* for the plaintiff.
*Lawrence A. Sullivan* for the defendant.

COMMONWEALTH vs. EDWARD P. BENTLEY. May 2, 1966. The paper entitled "bill of exceptions" does not properly present any questions of law for our consideration, and is an imposition on the court. The judge below was aware of its shortcomings, because he signed it with the statement, "treating the same as a bill of exceptions, it is hereby allowed." The so called "bill of exceptions" is a confused collection of motions and a jumble of other material from which we are apparently expected to extract the points relied upon, restate them in legal phraseology, and decide them in an intelligible judicial opinion. Even if possible of accomplishment, this is something we should not be required to do. As a serious court of law, we have no choice but to dismiss the exceptions.

*Exceptions dismissed.*

*Edward P. Bentley*, pro se.
*Peter F. Brady*, Assistant District Attorney, for the Commonwealth.