ADOLPH CASO *vs.* SCHOOL COMMITTEE OF WALTHAM & another.[1] October 3, 1985. *School and School Committee,* Demotion, Appointment of personnel. *Commissioner of Education.*

In response to budgetary constraints, the school committee of Waltham consolidated its bilingual education and foreign language departments. Caso, the plaintiff, and one Triantafel had been directors of the respective departments, positions which were abolished by the reorganization. The committee created a new position of director of foreign language and transitional bilingual education, for which Caso and Triantafel applied. Triantafel won the appointment. Caso brought an action asserting that Triantafel was not qualified and that he, as the only other contestant, was entitled to the job. Following the allowance of motions for summary judgment by Caso, judgments entered which, in effect, disqualified Triantafel and ordered that Caso be appointed director of the combined department. We reverse.

1. *The action against the Commissioner of Education.* It is apparent from the sequence of events in the case that the plaintiff has no justifiable grievance against the Commissioner of Education. The school committee, after interviewing Caso and Triantafel during a regular meeting of the school committee held June 17, 1981, at that meeting appointed Triantafel director of the combined department. By letter dated June 30, 1981, the school committee notified Caso that he was demoted from his position as director of bilingual education and was assigned to teach foreign language. Some three weeks later, Mr. Joseph G. Sandulli, acting as counsel for Caso, sent a letter dated July 24, 1981, to the State Department of Education (Department), requesting an "investigation" into the appointment of Triantafel, who, Mr. Sandulli wrote, was not certified to teach transitional bilingual education. On August 6, 1981, the Department replied to Mr. Sandulli, in substance, that a person certified to teach English — as Triantafel was — could teach English as a second language in a transitional bilingual education program and, therefore, qualified as a director of such a program. The letter was purely informational. Thereafter, Mr. Sandulli requested a hearing before the Commissioner, a request which the Department denied. This entire exchange between Mr. Sandulli and the Department occurred after the school committee had already acted to appoint Triantafel. The school committee had not asked the Department of Education for any advice, let alone asked for its permission. The Department had played no role in the designation of Triantafel as director of foreign language and bilingual education or in the demotion of Caso. At most, the Department furnished an advisory opinion to the plaintiff after the school committee had acted. The plaintiff has pointed to no duty which the Department or its principal officer, the Commissioner, had in regard to the appointment of a director of foreign language and transitional bilingual education, nor is his amended complaint framed in terms of any duty to act imposed upon the Commissioner by statute or regulation. As to the Commissioner, therefore, the complaint

---

[1] Commissioner of Education.

should have been dismissed. Compare *Massachusetts Assn. of Independent Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, 373 Mass. 290, 293-296 (1977). Cf. *Angelico* v. *Commissioner of Ins.*, 357 Mass. 407, 411 (1970). A further ground for dismissal of the action as it relates to the Commissioner is that, during the pendency of the appeal in this court, Triantafel retired. Assuming, without so deciding, that the Commissioner had a basis for ordering Triantafel's removal from the position to which the school committee had appointed him, nothing remained for the Commissioner to do once Triantafel had left that office.

2. *The action against the school committee.*

(a) Caso's demotion as director of foreign language education is supportable for the reason, if no other, that it was the consequence of a good faith reorganization rooted in policy. *Breslin* v. *School Comm. of Quincy,* 20 Mass. App. Ct. 74, 80-81 (1985), and cases cited.

(b) Caso argues, in effect, that if Triantafel was unqualified to be director of the combined departments because he lacked certification as a teacher of bilingual education, he (Caso) must infallibly have received the appointment. That conclusion does not follow from the premise. It was open to the school committee to reject Caso and to invite other applicants, i.e., to exercise its honest judgment. See *Paquette* v. *Fall River,* 278 Mass. 172, 174 (1932). In any event, under 603 Code Mass. Regs. 14.05(13) (1979), the school committee was authorized to appoint as director of a transitional bilingual education program a teacher qualified to teach in a transitional bilingual education program. Triantafel's certification qualified him to teach English as a second language within the transitional bilingual program. See also G. L. c. 71A, § 6, last par. The school committee, therefore, could appoint Triantafel to the directorship of the foreign language and transitional bilingual education department. New regulations promulgated by the Department to take effect in 1982 established additional requirements which Triantafel did not meet, but his qualification under prior regulations then carried forward under 603 Code Mass. Regs. § 7.02(6) (1982).

The judgments are reversed, and a judgment is to be entered dismissing the complaint.

*So ordered.*

*William J. Bannan, Jr.,* City Solicitor, for School Committee of Waltham.

*Judith S. Yogman,* Assistant Attorney General, for Commissioner of Education.

*Joseph G. Sandulli* for the plaintiff.